| | |
|---|---|
| STATE OF NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE |
| COUNTY OF MECKLENBURG | SUPERIOR COURT DIVISION |
| | No. 01-CVS-10075 |

FIRST UNION CORPORATION,   )
WACHOVIA CORPORATION,   )
and FIRST UNION NATIONAL BANK, )
              )
  **Plaintiffs**        )
              )
    **v.**        )
              )
SUNTRUST BANKS, INC.,    )
              )
  **Defendant and Counterclaim Plaintiff,** )   **ORDER AND OPINION**
              )
    **v.**        )
              )
FIRST UNION CORPORATION and )
WACHOVIA CORPORATION   )
              )
  **Counterclaim Defendants,**   )
              )
    **and**       )
              )
LESLIE M. BAKER, JAMES S. BALLOUN, )
PETER C. BROWNING, JOHN T. CASTEEN, III,)
THOMAS K. HEARN, JR., GEORGE W. )
HENDERSON, III, W. HAYNE HIPP, LLOYD U.)
NOLAND, III, JOHN C. WHITAKER, JR., AND )
DONA DAVIS YOUNG,    )
              )
  **Additional Counterclaim Defendants.** )
              )
              )

{1}  THIS MATTER comes before the Court on the motion of Counterclaim Defendants Wachovia Corporation ("Wachovia") and First Union Corporation ("First Union") to dismiss the counterclaim of SunTru Banks, Inc. ("SunTrust") for failure to state a claim upon which relief can be granted. With respect to count four of SunTrust's counterclaim alleging the merger agreement between Wachovia and First Union violates section 13-8-2 of the Official Code of Georgia, the Constitution of the State of Georgia, and Georgia common law, the Counterclaim Defendants' motion to dismiss is granted for the reasons set forth below.

> *Ellis & Winters, L.L.P., by Richard W. Ellis, Paul K. Sun, Jr., and Thomas D. Blue, Jr.; Bishop, Capitano & Abner, by J. Daniel Bishop; Skadden, Arps, Slate, Meagher & Flom, LLP, by Jay B. Kasner, Timothy A. Nelson, Rita W. Gordon, Edward P. Welch, and Sean K. Hornbeck; for counterclaim plaintiff.*

> *Robinson, Bradshaw & Hinson, P.A., by Russell M. Robinson, II, Martin L. Brackett, Jr., Robert W. Fuller, Louis A. Bledsoe, III, and Lawrence C. Moore; First Union Corporation, by Francis Charles Clark; Bell, Davis & Pitt, P.A., by William K. Davis and Troy D. Cahill; Brooks, Pierce, McLendon, Humphrey & Leonard, L.L.P., by James T. Williams, Jr. and Mack Sperling; for counterclaim defendants.*

**I.**

{2}  On April 15, 2001, Wachovia and First Union entered into a merger agreement ("the First Union Merger Agreement"). At issue in the counterclaim of SunTrust are certain features of this agreement—

specifically, the non-termination provision in the merger agreement itself and a stock option agreement executed ancillary to that merger agreement.

{3} Under the non-termination provision of the First Union Merger Agreement, Wachovia does not have the right to terminate the agreement if the shareholders fail to approve the merger at Wachovia's annual meeting scheduled for August 3, 2001. Unless First Union mutually agreed with Wachovia to terminate the merger agreement, Wachovia would not be free to enter into a merger agreement with a party other than First Union until January 2002.

{4} On April 15, 2001, Wachovia also entered into a stock option agreement with First Union as a condition to and in consideration for First Union's accession to the merger agreement. Under this option agreement (as subsequently amended by the parties), Wachovia granted First Union an option to purchase an aggregate of 19.9% of the total fully paid and nonassessable shares of Wachovia common stock issued and outstanding at an exercise price of $31.89 per share. The option was not exercisable unless the Wachovia shareholders voted against the merger. Among the events that would trigger First Union's right to exercise this option, would be Wachovia's agreement to engage in a merger or acquisition transaction with a third party or the recommendation by the Wachovia Board of Directors favoring a merger or acquisition proposal from a third party other than First Union.

{5} This option agreement also contained a provision that would prevent dilution of Wachovia common stock occurring as a result of any change in Wachovia's capital structure. In the event of such a change, this provision would adjust both the number of shares for which the option would be exercisable and the exercise price of the option. By the terms of the option agreement, however, the maximum profit First Union could realize upon exercise of the option was not to exceed $780 million.

{6} With respect to these provisions, SunTrust submits two primary claims in its counterclaim against Wachovia and First Union: (1) SunTrust claims these non-termination and option provisions of the merger agreement between Wachovia and First Union constitute a breach on the part of the Wachovia Board of Directors of the fiduciary duty owed its shareholders and that First Union aided and abetted the Wachovia Directors in their breaches of fiduciary duty. (2) SunTrust also claims these provisions violate the prohibition against contracts made in general restraint of trade set out in section 13-8-2 of the Official Code of Georgia, the Georgia State Constitution, and the common law of Georgia.

{7} Wachovia and First Union have moved to dismiss these claims for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure. The test on a motion to dismiss under this rule is whether the pleadings, when taken as true, are legally sufficient to satisfy the elements of at least some legally recognized claim. *Arroyo v. Scottie's Prof'l Window Cleaning, Inc.*, 120 N.C. App. 154, 461 S.E.2d 13 (1995).

{8} As this Court stated in its Order from the Hearing of June 18, 2001, SunTrust's claims contesting the non-termination and option agreement on grounds of breach of fiduciary duty by the Wachovia Directors and aid and abetment on the part of First Union in that breach are at least colorable and will not be dismissed under Counterclaim Defendants' Rule 12(b)(6) motion.

{9} SunTrust's claims under Georgia law, however, fail to meet the test for legal sufficiency under N.C.R. Civ. P. 12(b)(6).

## II.

{10} Under North Carolina choice-of-law principles, Georgia law should not apply to this claim. The North Carolina courts have recognized two different approaches for resolving choice-of-law issues: the "most significant relationship test" and a test that looks to the law of the state where the injuries were sustained. *See Food Lion, Inc. v. Capital Cities/ABC, Inc.*, 964 F. Supp. 956, 959 (M.D.N.C. 1997), *aff'd in part and rev'd in part on other grounds*, 194 F.3d 505 (4th Cir. 1999).

{11} Under the most significant relationship test, the court looks to "the law of the state having the most

significant relationship to the occurrence giving rise to the action." *Andrew Jackson Sales v. Bi-Lo Stores, Inc.*, 68 N.C. App. 222, 314 S.E.2d 797, 799 (1984). In this case, Wachovia and First Union are corporations organized under the laws of the state of North Carolina and both corporations have their headquarters located in North Carolina. Therefore, to the extent that either Georgia or North Carolina has a significant relationship to the First Union Merger Agreement, the relationship of North Carolina is the more significant relationship.

{12} The alternative test requires application of the law of the place of injury—often referred to as the *lex loci delicti* test. SunTrust submits that the injury it claims it suffered as a result of the First Union Merger Agreement occurred in Georgia because SunTrust, "the prime target of First Union's and Wachovia's preclusive measures" is headquartered in Georgia. Countercl. Pl.'s Opp'n Mot. Dismiss at 26.

{13} In the case cited by both Counterclaim Plaintiff and Defendants in support of their respective choice-of-law arguments, *United Dominion Industries v. Overhead Door Corp.*, 762 F. Supp. 126 (W.D.N.C. 1991), a federal district court applied the *lex loci delicti* test under North Carolina choice-of-law principles. That court explained that the place where the injury was sustained is the place "'where the last act occurred giving rise to the defendants' injury.'" *See id.* at 130 (quoting *United Virginia Bank v. Air-Lift Associates*, 79 N.C. App. 315, 339 S.E.2d 90, 93 (N.C. Ct. App. 1986). *United Dominion* involved a suit in which a North Carolina corporation executed an agreement to purchase the assets of another corporation located in Texas. The purchasing company was ultimately dissatisfied with the assets it had agreed to purchase and brought action under North Carolina law for rescission and damages. In determining the law applicable to the claim, the court held that the last act giving rise to the claim was the closing of the sale in Texas. Therefore, it chose to apply Texas law. The *United Dominion* case strongly indicates that North Carolina law should apply in this case because the execution of the First Union Merger Agreement took place there and was the last act giving rise to the cause of action.

{14} Further, SunTrust brings this action in its capacity as a shareholder of Wachovia, alleging breach of fiduciary duty. If it has been injured in that capacity, it is by virtue of the merger agreement which is governed by North Carolina law and breaches of fiduciary duty which are governed by the law of this state. The use of Georgia's unfair competition or antitrust laws to contest the validity of provisions in a North Carolina merger agreement which raises quintessential corporate governance issues under North Carolina law is problematic at best and, perhaps, unconstitutional.

{15} Under both the most significant relationship test and the *lex loci delicti* test, North Carolina law must be applied to the claims of SunTrust.

### III.

{16} SunTrust does not challenge the underlying transaction between Wachovia and First Union but only the use of the non-termination and option provisions. Under the applicable North Carolina Unfair and Deceptive Trade Practices Act, Chapter 75 of the North Carolina General Statutes, SunTrust does not have a cause of action. The courts applying that Act have uniformly held that Chapter 75 does not apply to the sale of securities. *See Lindner v. Durham Hosiery Mills, Inc.*, 761 F.2d 162, (4th Cir. 1985); *Andrews v. Fitzgerald*, 823 F. Supp. 356, 379-80 (M.D.N.C. 1993). Therefore, SunTrust may not challenge the First Union Merger Agreement on antitrust grounds under North Carolina law.

### IV.

{17} Controlling choice-of-law principles require that the law of North Carolina apply to the claims submitted by SunTrust. Therefore, the fourth count of SunTrust's counterclaim based on Georgia law will be dismissed.

{18} It is thereby ADJUDGED, ORDERED AND DECREED that:

> Counterclaim Defendants' motion to dismiss be granted with respect to the fourth count of
> SunTrust's counterclaim alleging violations of Georgia law for failure to state a claim upon

which relief can be granted under N.C.R. Civ. P. 12(b)(6).

So ORDERED this 26th day of June 2001.

_____
Ben F. Tennille
Special Superior Court Judge
For Complex Business Cases